IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:   5:06cr193/MCR
            5:12cv272/MCR/EMT
JOHN Q. DURFEY
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 176).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

### BACKGROUND and ANALYSIS

Defendant was sentenced to a term of 240-months imprisonment after his conviction of crimes involving health care fraud and unlawful dispensing of controlled substances (docs. 74, 86). His conviction and sentence were affirmed on appeal (doc. 133), and he then challenged his conviction by means of a motion to vacate pursuant to 28 U.S.C. § 2255, which was subsequently amended (docs. 139, 144, 147).  This motion was denied (*see* docs. 166, 172).  Defendant did not appeal.

The instant motion to vacate is Defendant's second such motion.  Before a second or successive application for § 2255 relief is filed in the district court, Defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt,

417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 F. App'x 409 (11th Cir. 2010). This authorization is required even when, as here, a defendant bases his motion on the alleged existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion.[1] Therefore, the instant motion to vacate must be dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 176), be **SUMMARILY DISMISSED** as successive.

2. A certificate of appealability be **DENIED**.

---

[1] Defendant purports to rely on Missouri v. Frye, ___ U.S. ___, 132 S. Ct. 1399 (2012) and Ladler v. Cooper, ___ U.S. ___, 132 S. Ct. 1376 (2012). While not meant to discourage Defendant from applying for permission to file a second or successive motion, the court notes that the Eleventh Circuit has plainly stated that neither Frye nor Cooper either created a new rule of constitutional law or recognized a new right. *See* In re Perez, 682 F. 3d 930, 932–33 (11th Cir. 2012) (denying request for authorization to file a second or second motion for post-conviction relief); *see also* Hare v. United States, ___ F.3d ___, 2012 WL 3156329 (7th Cir. 2012) (same). Instead, these cases merely applied the Sixth Amendment right to counsel to a specific factual context. Perez, 682 F. 3d at 934.

Case Nos.: 5:06cr193/MCR; 5:12cv272/MCR/EMT

At Pensacola, Florida, this 31st day of August 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**

Case Nos.: 5:06cr193/MCR; 5:12cv272/MCR/EMT